UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-5757-CAS (MANx) | Date | September 18, 2012 |
|---|---|---|---|
| Title | RANDAL TYSON V. WELLS FARGO BANK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers:) PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** (filed August 3, 2012); and

**DEFENDANTS' MOTIONS TO DISMISS** (filed July 30, 2012)

## I.   INTRODUCTION

The Court finds these motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing dates of September 24, 2012, and October 15, 2012, are vacated, and the matters are hereby taken under submission.

On July 3, 2012, plaintiff Randal Tyson filed the instant complaint against Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage, NDEx West LLC as Trustee, and Does 1 to 10, inclusive (collectively, "defendants").  Dkt. No. 1.  The suit arises out of a loan made by World Savings Bank, FSB to plaintiff Tyson and his wife, Gail Tyson, to finance the purchase of real property located at 3535 Pine Avenue, Long Beach, California.  Plaintiff principally complains that upon execution of the loan, defendants failed to lend him lawful money of the United States, as defined under Article I, § 10 of the U.S. Constitution.[1]  Based on this alleged failure, plaintiff brings claims for: (1) breach of contract; (2) fraud and misrepresentation; (3) usury and misrepresentation; and (4) intentional infliction of emotional distress.

---

[1] Article I, section 10 states in relevant part: "No State shall. . . coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts. . ."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-5757-CAS (MANx) | Date | September 18, 2012 |
|---|---|---|---|
| Title | RANDAL TYSON V. WELLS FARGO BANK, ET AL. | | |

    Defendant Wells Fargo filed a motion to dismiss on July 30, 2012; defendant NDEx filed a motion to dismiss and joined in Wells Fargo's motion on August 3, 2012. Dkt. Nos. 4, 9. Plaintiff filed an opposition to defendant's motion to dismiss on August 6, 2012.[2] Dkt. No. 10. Plaintiff also filed a motion for a preliminary injunction on the same date. Dkt. No. 11. On August 17, 2012, defendant Wells Fargo filed a reply in support of its motion to dismiss. Dkt. No. 13. On August 22, 2012, defendant Wells Fargo filed an opposition to plaintiff's motion for a preliminary injunction. Dkt. No. 14. After considering the parties' arguments, the Court finds and concludes as follows.

**II.    BACKGROUND**

    Plaintiff first obtained a loan from World Savings Bank, FSB on February 22, 2006.[3] Def. Wells Fargo's Req. for Judicial Notice In Supp. of Mot. to Dismiss ("RJN"),

---

    [2] Plaintiff did not indicate which motion in particular plaintiff is opposing.

    [3] Although when ruling on a Rule 12(b)(6) motion a court generally may not consider materials outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials), see In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998), a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Federal Rule of Evidence 201 authorizes a court to take judicial notice of "matters of public record," Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986), or any other "adjudicative" facts, which are "facts concerning the immediate parties." See United States v. Gould, 536 F.2d 216, 219 (8th Cir. 1976); In re Homestore.com, Inc. Sec. Lit., 347 F. Supp. 2d 814, 816-17 (C.D. Cal. 2004). Additionally, a court may review documents where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted). Though a court must accept as true all material allegations in the complaint when considering a Rule 12(b)(6) motion, "a court need not. . . accept as true allegations that contradict matters properly subject to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** JS-6

| Case No. | CV 12-5757-CAS (MANx) | Date | September 18, 2012 |
|---|---|---|---|
| Title | RANDAL TYSON V. WELLS FARGO BANK, ET AL. | | |

Ex. A. Plaintiff subsequently defaulted on this loan and a notice of default was recorded on November 30, 2010 by Wells Fargo Bank, N.A., the successor to World Savings Bank. RJN Ex. E, F. A notice of trustee's sale was recorded on February 25, 2011, and the property was subsequently sold. RJN, Ex. G.

On May 31, 2011, plaintiff filed an action in the Los Angeles County Superior Court, Tyson v. World Savings Bank, FSB et al., NC056109, asserting various claims arising out of an allegedly unlawful foreclosure. See RJN Ex. H. Plaintiff did not assert any claims based on an unlawful money theory. On January 10, 2012, the Superior Court sustained without leave to amend Wells Fargo's demurrer to all of plaintiff's claims, except for his claim for promissory estoppel.[4] RJN Ex. I. Plaintiff filed a first amended complaint asserting a single claim for promissory estoppel on February 9, 2012, and Wells Fargo again demurred. RJN Ex. J, K. On March 15, 2012, the Superior Court sustained the demurrer without leave to amend and denied plaintiff's request for reconsideration. RJN Ex. L.

On March 9, 2012, plaintiff commenced an action in the Southern District of California against defendants Wells Fargo Bank, N.A.; NDEx West, LLC; Judge Ross M. Klein, the Superior Court Judge presiding over plaintiff's state court action; and O. Andrew Wheaton and Robert T. Lane, the attorneys opposing plaintiff in the prior action. RJN Ex. M. Plaintiff asserted the same claims in that action as in the instant suit, save for

---

judicial notice or by exhibit." Sprewell, 266 F.3d at 988; Neilson v. Union Bank of California, N.A. 290 F. Supp.2d 1101, 1114) (C.D. Cal. 2003) (finding judicial notice proper where plaintiffs relied on the terms of a contract in their complaint, defendants submitted the contract with their complaint, and authenticity was undisputed). Here, defendant Wells Fargo's request for judicial notice contains documents that are matters of public record—such as the deed of trust, notice of default, and notice of trustee's sale—or are court documents pertaining to plaintiff's Superior Court and previous federal court actions. Plaintiff does not contest the authenticity of these documents. Accordingly, the Court GRANTS defendants' request for judicial notice, to the extent the Court relies on such documents herein.

[4] The order sustaining this demurrer applied equally to defendant NDEx, named as a party in the Superior Court action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      JS-6

| Case No. | CV 12-5757-CAS (MANx) | Date | September 18, 2012 |
|---|---|---|---|
| Title | RANDAL TYSON V. WELLS FARGO BANK, ET AL. | | |

a claim for unlawful foreclosure. In addition, plaintiff's claims in this prior action were premised on the same unlawful money theory that plaintiff asserts here. Id. Various defendants filed motions to dismiss, and the court granted defendants' motions with prejudice on May 30, 2012. RJN Ex. N.[5] The court found that : (1) plaintiff's claims were barred by the doctrine of res judicata because of plaintiff's prior state court action; (2) plaintiff failed to allege facts which entitled plaintiff to relief; and (3) judicial immunity barred any claims against the Honorable Judge Klein. Id. On July 3, 2012, plaintiff commenced the instant action. Dkt. No. 1.

### III. LEGAL STANDARD

#### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. Although a court must liberally construe the complaint of a pro se plaintiff, a complaint must still allege sufficient facts to state the elements of a claim upon which relief can be granted. See Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

---

[5] Additionally, the court on its own motion dismissed the action with respect to non-moving defendants. See RJN Ex. N at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-5757-CAS (MANx) | Date | September 18, 2012 |
| Title | RANDAL TYSON V. WELLS FARGO BANK, ET AL. | | |

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663-64.

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### IV. ANALYSIS

#### A. Res Judicata Effect of Prior Judgments

First, plaintiff's claims are barred by the doctrine of res judicata, also known as claim preclusion. This doctrine "bars any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009). When considering the res judicata effect of a state court judgment, 28 U.S.C. § 1738 "provides that a federal court must give the state court judgment the same full faith and credit as it would be entitled to in the courts of the state in which it was entered." Clark v. Yosemite Cmty. Coll. Dist., 785 F.2d 781, 784 (9th Cir. 1986). To determine the res judicata effect of a federal court decision, federal common law applies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-5757-CAS (MANx) | Date | September 18, 2012 |
|---|---|---|---|
| Title | RANDAL TYSON V. WELLS FARGO BANK, ET AL. | | |

A federal court has already found plaintiff's claims to be barred by the doctrine of res judicata, in addition to dismissing plaintiff's claims on the merits. With regards to this prior federal court judgment, res judicata "applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties." Cell Therapeutics, 586 F.3d at 1212 (applying federal common law) (citations omitted). To determine whether there is an identity of claims, a court considers:

> (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 968 (9th Cir. 2010).

The Court finds that under these tests, plaintiff's claims are barred by the res judicata effect of this prior federal court decision. The parties here were all parties to the prior lawsuit, and the federal court rendered a final judgment on the merits, dismissing all of plaintiff's claims with prejudice for failing to state a claim upon which relief could be granted.[6] See RJN Ex. N at 5; Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (noting that dismissal with prejudice is a final adjudication on the merits for purposes of res judicata). Thus, the first two elements of the res judicata test are satisfied here. In addition, plaintiff's claims are identical to those raised in the prior federal action. Plaintiff's suit here arises out of the same set of facts concerning his loan transaction with defendants and the allegedly unlawful foreclosure on his property, involving the same evidence and plaintiff's same claim of right. Moreover, plaintiff asserts the exact same claims in this case, minus a claim for unlawful foreclosure, based on the exact same

---

[6] The claims against the Honorable Judge Klein were dismissed based on the doctrine of absolute immunity for judicial officers acting in their official capacity; plaintiff does not name Judge Klein as a defendant in the instant lawsuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-5757-CAS (MANx) | Date | September 18, 2012 |
|---|---|---|---|
| Title | RANDAL TYSON V. WELLS FARGO BANK, ET AL. | | |

theory of relief—defendants' failure to tender lawful money. For these reasons, the Court finds that res judicata bars plaintiff's suit.[7]

### B. Plaintiff's "Vapor Money" Theory

Even if the Court were to address the merits of plaintiff's claims, the Court finds them to be without merit. Plaintiffs four claims for relief are all premised on defendants' alleged failure to tender lawful money, in breach of the loan agreement. However, plaintiff's "vapor money" theory—or defendants' purported failure to tender lawful money to plaintiff—fails as a matter of law. The theory is one that has been asserted by plaintiffs and routinely rejected in various federal courts for over twenty years. See Frances Kenny Family Trust v. World Savings Bank, 2005 U.S. Dist. LEXIS 2403, at *2, 15 (N.D. Cal. Jan. 19, 2005); see also Lawson v. CitiCorp Trust Bank, FSB, 2011 U.S. Dist. LEXIS 86780, at *13–14 (collecting cases and noting that "the vapor money theory has been thoroughly rejected by district courts in California as legally unsupported").

In brief, plaintiff's argument is that defendants failed to lend him "lawful money," defined as "gold and silver coins of the United States," as part of the loan transaction. Compl. ¶ 5 (citing Article I, § 10 of the U.S. Constitution). Instead of providing him with lawful money, plaintiff alleges that defendants loaned him "credit money," not redeemable for gold or silver coins. Compl. ¶¶ 13–15. This argument, however, is based upon a fundamental misreading of the Constitution, which only bars states—but not the federal government—from establishing a paper currency. Moreover, plaintiff did not object to the purportedly unlawful money provided to him at the time he entered into the

---

[7] However, plaintiff's claims are not barred by the prior state court judgment. "Unlike the federal rule and that of several states, in California the rule is that the finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired." Franklin & Franklin v. 7-Eleven Owners for Fair Franchising, 85 Cal. App. 4th 1168, 1174 (2000). Here, plaintiff has appealed the prior state court judgment sustaining a demurrer to all of his claims with prejudice; this appeal was filed on March 27, 2012. See Def.'s Req. for Judicial Notice in Supp. of Opp'n to Mot. for Inj. Relief, Ex. I. Accordingly, because California courts would not give preclusive effect to this prior state court judgment, no res judicata bar applies in this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　　　　JS-6

| Case No. | CV 12-5757-CAS (MANx) | Date | September 18, 2012 |
|---|---|---|---|
| Title | RANDAL TYSON V. WELLS FARGO BANK, ET AL. | | |

loan; only after being foreclosed upon does plaintiff now claim that the loan is somehow "illegal" or of no value. See Nixon v. Individual Head of St. Joseph Mortg. Co., 615 F. Supp. 898, 901 (C.D. Ind. 1985). Because all of plaintiff's claims for relief are premised on a flawed vapor money theory that has consistently been rejected, plaintiff fails to state a claim upon which relief may be granted.[8]

### C. Plaintiff's Motion for a Preliminary Injunction

Because the Court grants defendants' motions to dismiss, plaintiff's motion for a preliminary injunction is DENIED as moot.

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motions to dismiss and DENIES plaintiff's motion for a preliminary injunction. Given the fact that the allegations in the complaint are the same as those alleged in a prior proceeding to which res judicata applies, it appears that there is no set of facts that plaintiff could allege to state a claim upon which relief could be granted. Accordingly, because the Court finds that leave to amend would be futile, dismissal is WITH PREJUDICE. See Schreiber Distrib. Co., 806 F.2d at 1401.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[8] Plaintiff has also failed to allege: (1) tender or an ability to tender the amount of indebtedness; or (2) that plaintiff performed his obligations under the loan contract. These additional grounds also bar plaintiff's claims for relief sounding in contract.